IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   09-cv-00041-WDM-BNB

COPIC INSURANCE COMPANY,

     Plaintiff,

v.

WELLS FARGO & COMPANY;
WELLS FARGO BANK, N.A.; and
WELLS FARGO BANK, N.A. (MN),

     Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This case is before me on the Motion to Dismiss (doc no 28) filed by Defendant Wells Fargo & Company ("Company").  Plaintiff opposes the motion.  Upon review of the parties' filings, I conclude oral argument is not required.  For the reasons that follow, the motion will be granted without prejudice to a future motion to amend the complaint, if appropriate.

### Background

This case arises out of an investment scheme whereby securities belonging to the Plaintiff were used for temporary loans in order to earn interest for both the investor and the defendants.  At issue in this motion is the identity of the parties engaging in the alleged wrongful conduct.

On January 1, 2001, Plaintiff entered into an agreement with Wells Fargo Bank,

Minnesota, N.A. ("Wells Fargo Minnesota"), in order to participate in the bank's Securities Lending Program. Exh. A to Amended Complaint (doc no 18-2). Under the program, Wells Fargo Minnesota held securities owned by Plaintiff in custodial accounts and made temporary loans of those securities to brokers. Amended Complaint ¶ 2. The brokers would borrow the securities to support trading activities, such as short sales and options contracts. *Id.* The brokers usually provided cash collateral for the loaned securities. *Id.* The brokers had the right to return the securities and reclaim the collateral at any time; similarly, the investors had the right to require the return of their securities on very short notice. *Id.* at ¶ 3. Because of this, the collateral had to be safely invested and liquid. *Id.* It was the investment with the collateral that created additional returns for the bank and the investors. *Id.* at ¶ 5.

The program used a trust called the Wells Fargo Trust for Securities Lending ("Trust"), with Wells Fargo Minnesota as Trustee. Amended Complaint ¶ 47. The purpose of the Trust was to invest and reinvest money and property contributed by participants in the securities lending program. *Id.* ¶ 48. Separate "series" within the Trust served as vehicles for the investments of the collateral. *Id.* ¶ 59. Plaintiff alleges wrongful conduct in connection with the investment of the collateral as well as fraud and breaches of the relevant agreements, Trust documents, and investment policies.

Wells Fargo Minnesota was consolidated with other Wells Fargo banks into a single bank charter with the name Wells Fargo Bank, N.A. ("Wells Fargo Bank"). There appears to be no dispute for the purposes of this motion that Wells Fargo Bank is the successor to Wells Fargo Minnesota and has assumed Wells Fargo Minnesota's liabilities. Amended Complaint ¶ 16. Wells Fargo Bank is a subsidiary of Company.

Standard of Review

Company seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).  Rule 9(b) requires that for claims relating to fraud, the circumstances constituting fraud must be stated "with particularity."  Fed. R. Civ. P. 9(b).

Discussion

Company seeks dismissal on the grounds that Plaintiff has alleged no specific facts relating to conduct by Company that could give rise to liability.  Plaintiff refers generically to the three defendants[1] as "Wells Fargo" and makes no distinctions among them in its allegations.  However, the documents that underlie the allegations in the complaint all concern Wells Fargo Minnesota[2] and, thereafter, Wells Fargo Bank.  Plaintiff has not alleged any specific conduct by Company and has not attached any documents issued by or relating to transactions with Company.  I agree that dismissal is appropriate.  Plaintiff's allegations are based on the securities lending program, which according to the documents incorporated in Plaintiff's complaint was administered by Wells Fargo Minnesota and Wells

---

[1] Defendants also assert that Wells Fargo Minnesota no longer exists as an entity and is not a proper defendant given that its liabilities have been assumed by Wells Fargo Bank.

[2] There are also documents relating to Norwest Bank, apparently a predecessor of Wells Fargo Minnesota.

Fargo Bank and governed by contracts and policies. In the complete absence of any specific allegation tying Company to the program or to the relevant documents, I conclude that Plaintiff has failed to allege sufficient facts to state a claim against Company that is plausible on its face.

In its response brief, Plaintiff appears to assert that it is enough to define the liable parties as including Company. I disagree. Plaintiff recognizes that Company is a separate entity and seeks to hold Company liable for its own acts, but does not specify what those acts might be, as opposed to the acts of Wells Fargo Bank and Wells Fargo Minnesota. There is no evidence that Plaintiff had any agreements with Company. At most, Plaintiff offers promotional materials that it asserts could have been produced by Company. Although Plaintiff is entitled to the benefit of all favorable inferences on a motion to dismiss, Plaintiff's mere speculation that Company created these documents is not sufficient to state a claim. *Twombly*, 550 U.S. at 555 (factual allegations "must be enough to raise a right to relief above the speculative level"). There is nothing on the face of these materials to indicate a connection to Company, other than the generic use of the name "Wells Fargo." Moreover, Defendants have produced information about the origin of the documents referenced by Plaintiff and none appears to have been issued or created by Company or employees of Company.

Although I will grant the motion and will dismiss Company from this action, Plaintiff is not precluded from seeking to amend its complaint in the future should additional evidence come to light giving rise to a theory of liability against this defendant.

Accordingly, it is ordered:

1. The Motion to Dismiss Wells Fargo & Company (doc no 28) is granted

without prejudice to a future motion to amend.

DATED at Denver, Colorado, on May 11, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge