IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00041-WDM-BNB

COPIC INSURANCE COMPANY,

    Plaintiff,

v.

WELLS FARGO & COMPANY;
WELLS FARGO BANK, N.A. and
WELLS FARGO BANK, N.A. (MN)

    Defendants.

## STIPULATED PROTECTIVE ORDER

The Court and the parties to this action, having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the legitimate business or personal interests of the parties and their customers, business partners, and other persons, including non-parties to this action, and good cause having been shown, and as permitted by Rule 26(c) of the Federal Rules of Civil Procedure, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits and any other material or information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure in this litigation (hereinafter "Discovery Materials"). Discovery Materials may be designated by a producing party or non-party as "Confidential" in accordance with this Order if, and

only if, the producing party in good faith believes that such Discovery Material contains "Confidential Information" as that term is defined below.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

a. 3. "Confidential Information" shall include any Discovery Material that is not in the public domain and contains any confidential personal or personnel information, confidential financial information, competitively sensitive proprietary information, employee compensation information, information that any party believes in good faith reflects trade secrets or other proprietary information, or other non-public information which, if disclosed, could damage an existing or potential customer, client, or investor relationship.

b. 4. Any copies or reproductions, excerpts, summaries, or other documents or media (*e.g.,* electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information pursuant to this Order shall be protected materials under this Order.

5. Information designated "CONFIDENTIAL" shall be information that is confidential and/or implicates common law and statutory privacy interests of confidential information and shall not be disclosed or used by the party receiving such information for any purpose except the preparation and trial of this case. Nothing in this Order shall limit or restrict a party's right, if any, to use its own Discovery Material or any information properly and lawfully obtained independent of discovery in this action in any manner that the party deems appropriate.

c.        6.        Any Discovery Materials that are to be designated "CONFIDENTIAL" may be so designated by the producing party or non-party by providing copies of the documents, material, or information so designated by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice "CONFIDENTIAL".  To the extent a producing party or non-party makes documents available for inspection and copying at such party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Confidential until such time as the reviewing party orders copies, to which the designation will then be affixed to confidential documents.

7.        The parties may designate certain CONFIDENTIAL Information which is of an extraordinarily high confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEYS EYES ONLY" (hereinafter, "Counsel-Only Material"), in the manner described in paragraph 6, above.  Such designation shall not be used routinely.  Counsel-Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to experts (including their staff) who execute the written acknowledgement described in paragraph 9 below, absent a further order from this Court.  If disclosure of Counsel-Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply, except where inconsistent with this paragraph.

d.        8.        CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may

be disclosed to:

 (a) The Court, including any Court personnel assisting the Court, secretarial or other clerical personnel, and stenographers or other persons involved in taking or transcribing or videotaping of testimony in this action;

 (b) The parties, and any employees and inside counsel for the parties to whom it is necessary to disclose such information for the purpose of the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

 (c) Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

 (d) Consultants and experts, including principals and employees of the firm with which consultants or experts are associated, or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action provided that prior to disclosure, each such recipient of such information is bound by the terms of this Order by executing the Confidentiality Agreement attached hereto as Exhibit A;

 (e) Any other person as to whom the party or non-party producing the CONFIDENTIAL Information has consented to disclosure in

      advance and in writing, on notice to each party hereto; and

  (f) Persons whose depositions are taken by any party so long as such disclosure is made during the course of the deposition, and provided that prior to disclosure, each such deponent is advised that the information is confidential and is given a copy of this Order.

9. Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, and deponents who are covered by paragraphs 8(f) and 10), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. A party may designate a deposition or portions of a deposition as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Such Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order. Any party or deponent may also designate specific testimony or transcript pages as

CONFIDENTIAL Information by notice on the record at the deposition. The entire testimony in a deposition and transcripts and video recordings of the deposition conducted during pretrial discovery in this litigation shall be treated as Confidential for a period of thirty (30) days, after notice by the court reporter of the completion of the transcript. If no party has designated any portion of deposition testimony and the transcripts and video recordings thereof CONFIDENTIAL within thirty (30) days after receipt of such deposition transcript and/or video recordings, the entire transcript and/or recordings will be treated as non confidential.

11. If CONFIDENTIAL Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

12. If certain CONFIDENTIAL Information or Counsel-Only Material is inadvertently not labeled as such by the producing party, the producing party may subsequently request of the receiving party that the receiving party accept substitute, properly labeled copies and that the receiving party thereafter treat such materials and information as Confidential Information or Counsel-Only Material, as the case may be, pursuant to this Order. If the receiving party refuses such a request, then the producing party may file a motion with the Court seeking an order directing the receiving party to treat the materials and information as CONFIDENTIAL Information or Counsel-Only Material, as the case may be, pursuant to this Order. If such a motion is made, the

receiving party shall, until such time, if ever, as the motion is denied, treat the materials and information as CONFIDENTIAL Information or Counsel-Only Material, as the case may be, pursuant to this Order.

13. Inadvertent production of any Confidential Discovery material shall be without prejudice to any claim that such Confidential Discovery Material is privileged or protected from discovery as work product or by reason of any other applicable privilege, including without limitation the attorney client privilege, and no party shall be held to have waived any rights by such inadvertent production. If the claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such other party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made and all copies thereof, and the party returning such material shall not use the information with respect to which a claim of inadvertent production has been made for any purpose, other than in connection with a motion to challenge the asserted privileged or protection by motion to the Court within 14 days after notification of inadvertent production. If the receiving party does choose to use such documents in connection with such a motion, the receiving party shall treat the document as CONFIDENTIAL and comply with all of the provisions of this Order with respect to them pending the Court's ruling.

14. Persons described in paragraph 8 (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing CONFIDENTIAL Information to a person described in paragraph 8(e) (and associated personnel) or 8(f) must first: (i) advise the recipient that the information is Confidential; (ii) provide the recipient with a copy of this Order; and (iii) obtain the recipient's

execution of the Confidentiality Agreement attached hereto as Exhibit A except that with respect to deponents a party disclosing Confidential Information during the course of a deposition is not required to obtain the deponent's execution of the Confidentiality Agreement, Exhibit A. All non-parties to this litigation, including those described in paragraphs 8(d)-(f) shall be advised that the CONFIDENTIAL Information may only be used in connection with this litigation.

15. If CONFIDENTIAL and/or Counsel-Only Material is included in any papers to be filed with the Court, such papers shall be filed in a **manner consistent with D.C.COLO.LCivR 7.2 and 7.3**. ~~sealed envelope clearly labeled "CONFIDENTIAL—DISCLOSE ONLY SUBJECT TO COURT'S ORDER" together with the title of the action and a summary description of the nature of the materials and kept under seal until further order of the Court.~~ Any party has the right to publicly file a redacted version of any material that contains Confidential Information and/or Counsel Only Material, provided that the CONFIDENTIAL Information or Counsel Only Material is redacted from the filing. ~~To the extent CONFIDENTIAL Information or Counsel Only Material is redacted from such a filing, the Clerk shall file the redacted version in the public file.~~

16. Nothing herein shall impose any additional restrictions on the use or disclosure by a party or witness of documents, material, or information properly and lawfully obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

17. A party may object to the designation of particular CONFIDENTIAL

Information or Counsel-Only Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the ~~objecting~~ party **designating the information as CONFIDENTIAL Information or CONFIDENTIAL—ATTORNEYS EYES ONLY** to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL Information or CONFIDENTIAL—ATTORNEYS EYES ONLY, as the case may be, under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL Information or CONFIDENTIAL—ATTORNEYS EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY.  Discovery Material shall not be entitled to a CONFIDENTIAL or Counsel-Only Material designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public (other than as a result of inadvertent production or improper means) since, its designation.  Nothing in this Order precludes any party from challenging a confidentiality designation on any other ground.

18.     Entering into, agreeing to, and/or complying with the terms of this Order shall not:  (a) operate as an admission by any party that any particular documents, material, or information contains or reflects CONFIDENTIAL Information, confidential

personal or personnel information, confidential financial information, competitively sensitive proprietary information, employee compensation information, or information that any party believes in good faith reflects trade secrets, or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time:  (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; or (iv) to seek documents or other information from any source.

19. If any party has obtained CONFIDENTIAL Information or Counsel-Only Material under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such CONFIDENTIAL Information or Counsel-Only Material, such party shall notify the producing party or non-party no later than seven (7) days following receipt of the subpoena (but in no event later than seven (7) days prior to compliance with the subpoena), including in such notice a copy of the subpoena or compulsory process and the date set for the production of such subpoenaed or compelled information, so that the producing party may file a motion for a protective order or to quash the subpoena or compulsory process.  In the event the producing party files such a motion, the subpoenaed party shall not produce any CONFIDENTIAL Information or Counsel-Only Material in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a

court of competent jurisdiction, or unless a failure to produce immediately such CONFIDENTIAL Information or Counsel-Only Material would, in the judgment of the subpoenaed party, subject the subpoenaed party to sanctions for a violation of any law, rule, or regulations.

20. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such CONFIDENTIAL Information or Counsel-Only Material for the sole purpose of seeking to prevent or restrict disclosure thereof.

21. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY, or the parties may elect to destroy CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.  Nothing in this paragraph shall limit the rights of any party or non party to object to and seek a ruling of the Court concerning a parties' retention of any Discovery Material.  To the extent any person retains copies of certain documents pursuant to the terms of this paragraph, such information shall continue to be subject to the protections provided by this Order.  In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from Discovery Materials shall continue even after such Discovery Materials are returned or destroyed.

{00252235.DOC}11

e. 22. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated May 12, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge