IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00041-WDM-BNB

COPIC INSURANCE COMPANY,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **Plaintiff's Motion to Compel** [Doc. # 78, filed 2/2/2010]; and

(2)     **Defendant's Motion to Compel** [Doc. # 82, filed 2/12/2010].

I held a hearing on the motions on February 24, 2010, and made rulings on the record, which are incorporated here.

IT IS ORDERED that the Plaintiff's Motion to Compel [Doc. # 78] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to require the defendant to produce transcripts of all depositions in Worders' Compensation Reinsurance Ass'n v. Wells Fargo Bank, N.A., Case No. 62-CV-08-10825, pending in the District Court, Second Judicial District, State of Minnesota, of witnesses who are agents, officers, or employees of Wells Fargo Bank, N.A., or its parent, affiliates, subsidiaries, or related corporations or entities;

• GRANTED to require the defendant to answer fully and completely Interrogatories No. 3 and 4 of plaintiff's First Set of Discovery;

• DENIED with respect to Production Request 21 of plaintiff's Second Set of Discovery, which is an improper blockbuster production request seeking an order compelling the production of documents based on requests made in a different case which have not been specified and based on rulings by a discovery special master in that other case which have not been provided; and

• DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant's Motion to Compel [Doc. # 82] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to require the plaintiff to supplement its answers to Interrogatories No. 1, 6, 15-16, and 17;

• GRANTED to require the plaintiff to remove the narrative which improperly qualifies its responses to Admission Requests No. 99, 100, and 110, and to require the plaintiff to either admit, deny, or state that it cannot admit or deny those requests;

• GRANTED to require Steven Rubin to answer, in writing and under oath, the following question asked during his deposition and to which plaintiff's counsel improperly invoked the work product immunity and instructed the witness not to answer:

> Q. (BY MR. HAGSTROM) When this--you write, I think we need Treece' letter. The use of the word need to me is a little bit ambiguous. I don't know if that means you need a copy of it or you need to have Trece draft a letter. Do you know which one it is?

Mr. Rubin must answer the question of whether he knows "which one it is" and, if he knows, must state which it is;

• DENIED with respect to Interrogatories No. 3, 8, and 19 because the plaintiff's responses provide an adequate answer;

• DENIED with respect to Interrogatory No. 9 and Production Requests No. 1, 2, 5, 11, 13, and 15 because the requests seek information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence;

• DENIED insofar as the defendant claims that the plaintiff has not produced documents. The defendant fails to identify any particular documents or categories of documents which it claims have not been produced, and the plaintiff asserts that all responsive, non-privileged documents in its possession, custody, and control have been produced;

• DENIED with respect to the plaintiff's privilege log, which I find adequate to allow the defendant to assess the applicability of the asserted privileges; and

• DENIED in all other respects.

IT IS FURTHER ORDERED that the discovery compelled by this order shall be made on or before March 10, 2010.

Dated March 1, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge