IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00041-WDM-BNB

COPIC INSURANCE COMPANY,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

## ORDER

This matter arises on **Defendant's Emergency Motion to Stay the Court's March 1, 2010 Discovery Order With Respect to the Production of Confidential Deposition Transcripts from Another Case** [Doc. # 139, filed 3/10/2010] (the "Motion to Stay"), which is DENIED.

By an Order [Doc. # 120] entered on March 1, 2010, I required Wells Fargo Bank ("Wells Fargo") to produce "transcripts of all depositions in <u>Workers' Compensation Reinsurance Ass'n v. Wells Fargo Bank, N.A.</u>, Case No. 62-CV-08-10825, pending in the District Court, Second Judicial District, State of Minnesota, of witnesses who are agents, officers, or employees of Wells Fargo Bank, N.A., or its parent, affiliates, subsidiaries, or related corporations or entities. . . ." Order [Doc. # 120] at p. 1. The Order required Wells Fargo to make the discovery on or before March 10, 2010. <u>Id</u>. at p. 3. Wells Fargo filed an objection to the Order. Objections [Doc. # 141, filed 3/10/2010]. The Motion to Stay requests that I stay Wells Fargo's obligations under the Order pending a ruling by the district judge on Wells

Fargo's Objections.

Stays of magistrate judge discovery orders should be granted sparingly. HEI Resources East OMG Joint Venture v. Evans, 2009 WL 250364 *1 (D. Colo. Feb. 3, 2009). This is consistent with the local rules of practice of this court, which provide:

> The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district judge. The motion shall be supported by good cause.

D.C.COLO.LCivR 30.2B. See Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 657 (D. Colo. 2001) (noting that "sound policy" militates against an automatic stay of a magistrate judge's order pending a ruling by the district judge).

Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt. HEI Resources, 2009 WL 250364 at *1. As the court noted in National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D. N.M. 1991):

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes. . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to a party seeking the stay, however. "Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of

arguably privileged information, trade secrets to a competitor, or the like." HEI Resources, 2009 WL 250364 at *2.

I apply a four part test to determine whether a stay of my discovery order is appropriate:

> (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.

Id. (internal quotation and citation omitted).

In my view, it is unlikely that Wells Fargo will succeed on its Objections. The Objections generally reassert arguments which I previously considered and rejected in entering the Order compelling discovery. I believe my earlier rulings are correct, and certainly not clearly erroneous. Ariza v. U.S. West Comm., Inc., 167 F.R.D. 131, 133-34 (D. Colo. 1996)(stating that the standard of review of a magistrate judge's non-dispositive ruling is "clearly erroneous or contrary to law" or, stated differently, whether the ruling strikes the district judge "as wrong with the force of a five-week-old, unrefrigerated dead fish").

Wells Fargo argues that it will suffer irreparable harm if it is required to produce the deposition transcripts before review by the district judge based on the following:

> [T]he Protective Order in the Minnesota Action states that "[a]ll persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for the purpose of [the Minnesota Action] *and not for any other purpose*."
> 
> \* \* \*
> 
> Wells Fargo would be irreparably harmed if required to produce confidential transcripts of deposition testimony from the Minnesota Action before its appeal has been heard because, if the District Court agrees with Wells Fargo and reverses the order to produce

> the confidential transcripts, COPIC would have unfairly benefited-
> -to Wells Fargo's irreparable detriment--by virtue of having
> reviewed and studied those transcripts during the pendency of the
> appeal.

Motion to Stay [Doc. # 139] at ¶¶3-4 (original emphasis).

The argument is misleading and lacks merit. It is misleading because it suggests that the Order compelling discovery requires Wells Fargo to disclose other parties' confidential information obtained by Wells Fargo in the Minnesota Action. That is not so. The Order only requires Wells Fargo to disclose transcripts of depositions of Wells Fargo's agents and representatives. See Order [Doc. # 120] at p. 1. In addition, the Minnesota transcripts may be made subject to the Protective Order I have entered in this case [Doc. # 45, filed 5/12/2009], which provides that confidential information "shall not be disclosed or used by the party receiving such information for any purpose except the preparation and trial of this case." Protective Order [Doc. # 45] at ¶5. Wells Fargo's confidential information (if any) may be maintained confidentially and need not be made generally available.

The argument lacks merit because Wells Fargo fails to describe with any particularity what information contained in the Minnesota depositions is confidential and why its disclosure to the plaintiff here, subject to the Protective Order in place in this case, would cause it any injury. To the contrary, the thrust of Wells Fargo's argument is that the information in the Minnesota depositions is irrelevant to matters at issue here. I am convinced, however, that the Minnesota depositions may contain information directly relevant to the claims and defenses at issue here and to the issue of witness credibility.

This case does not involve the disclosure of privileged information or trade secrets to a competitor, and potential irreparable injury of the nature identified in HEI Resources as justifying a stay is not present.

The plaintiff will suffer unnecessary delay in the preparation of its case if the stay is granted. Denying the stay will not harm the public interest, and a stay would have the adverse consequence of delaying preparation of this case for trial.

The four factor test tips decidedly against Wells Fargo's request for a stay pending the district judge's determination of the Objections.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated March 11, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge