IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00041-WDM-BNB

COPIC INSURANCE COMPANY,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

_____

## ORDER
_____

This matter arises on **Wells Fargo Bank, N.A.'s Motion to Strike Exhibit 6 Submitted In Support of COPIC's Revised Motion for Leave to Add a Prayer for Punitive Damages** [Doc. # 241, filed 6/22/2010] (the "Motion to Strike"), which is DENIED.

Exhibit 6 is a copy of portions of the expert report of Laurence Freed (the "Freed Excerpts"). Wells Fargo seeks to strike the Freed Excerpts on the following grounds:

(1) They are inadmissible hearsay;

(2) Freed is not qualified to render opinions on issues concerning punitive damages; and

(3) Freed's opinions are improper legal conclusions or opinions regarding Wells Fargo's purported intent.

Motion to Strike [Doc. # 241] at p. 1.

I relied on the Freed Excerpts in granting COPIC's motion to amend to add a prayer for punitive damages. In particular, I relied on the following opinions:

> Prior to July 2007 there were unmistakable signs and warnings in the marketplace that the mortgage market was in free-fall. An investment manager would have recognized that the valuations of the following securities were linked to the mortgage market, and thus understood that the credit and liquidity risk of these securities had become too high to purchase or to remain within a program designed to preserve principal and maintain daily liquidity:
>
> [Identifying by cusip securities held by the Securities Lending Program.]
>
> An investment manager managing these investments and charged with the mandate of principal preservation and daily liquidity, exercising even a scant of care, would have heeded the warning signals and have sold the direct exposure to mortgage backed securities in the 1st quarter of 2007 at the latest and the exposure to SIV's by July 2007 at the latest, at which times these securities could still have been sold at or near par. Wells Fargo knew or at a minimum should have known about these warning signals. Wells Fargo recklessly disregarded the warning signals and purposefully chose not to sell these securities at these times, but instead hid behind a simplistic and wholly inappropriate hold-to-maturity policy. In the face of unmistakable warnings in the marketplace that the risk of loss to these securities was increasing dramatically with no signs of plateauing, Wells Fargo's failure to sell these securities prior to the first quarter and July 2007 was at a minimum reckless disregard of the harm that could arise from buying and holding the securities. Further, I believe that Wells Fargo's decision to buy and hold these securities past July 2007 evidences a willful and wanton disregard for its duties and the harm that could arise from holding the securities. Wells Fargo consciously or intentionally disregarded the high degree of probability of injury to the rights or safety of COPIC.

Expert Report of Laurence Freed [Doc. # 229-8] at p. 5 of 11.[1]

Wells Fargo acknowledges that the *prima facie* showing required to entitle a party to seek punitive damages may be made by an offer of proof. Leidholt v. District Court, 619 P.2d 768,

---

[1] Citations to the Freed Excerpts are to the pages as assigned by the court's CM/ECF system.

771 (Colo. 1980). The Freed Excerpts are an offer of proof--they contain the opinions which Mr. Freed will offer at the trial and the bases for those opinions.

I will not transform a motion to strike an exhibit offered in support of a motion to add a prayer for punitive damages into a <u>Daubert</u> hearing. In any event, Wells Fargo's objection is not so much to Mr. Freed's qualifications to testify as an expert as they are to COPIC's failure to attach a copy of his *curriculum vitae*. Brief In Support [Doc. # 242] at p. 3. COPIC has now supplied the *c.v.,* Plaintiff's Opposition [Doc. # 268] at Exh. A, which shows that Mr. Freed has substantial expertise in the areas of financial investments and portfolio management. Absent a much greater showing, not even attempted by Wells Fargo, there is no basis to disqualify Mr. Freed as an expert in the proffered areas.

I have not considered Mr. Freed's statements insofar as they might be characterized as opining about Wells Fargo's state of mind, nor have I considered any legal conclusions drawn by Mr. Freed. Instead, I relied on the Freed Excerpts insofar as they supported COPIC's position that "given the problems in the mortgage market throughout 2006 and into 2007, Wells Fargo's failure to sell the Mortgage Related Securities prior to July 2007 . . . evidenced a reckless or willful and wanton disregard for the risks that these securities posed and the harm that could arise from purchasing and/or holding these securities." Order [Doc. # 274, filed 8/2/2010] at p. 5.
Mr. Freed's opinions in this regard are based on the application of Mr. Freed's expertise to observable market conditions.

Wells Fargo has failed to establish any basis upon which I should strike the Freed Excerpts.

IT IS ORDERED that the Motion to Strike [Doc. # 241] is DENIED.

Dated August 3, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge