IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   09-cv-00041-WDM-BNB

COPIC INSURANCE COMPANY,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

## ORDER ON PENDING MOTIONS

Miller, J.

This case is before me on various motions filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Plaintiff COPIC Insurance Company's ("COPIC"). For the reasons stated on the record and as set forth below, the motions are denied and granted as follows:

1. <u>Wells Fargo's Motion to Request Use of Confidential Juror Questionnaire (ECF No. 426/441 [public entry])</u>

Denied as the subject matter of this litigation is not that sensitive and areas of concern are adequately covered by normal voir dire.

2. <u>Wells Fargo's Motion for Bifurcation (ECF No. 420)</u>

Motion is denied. The issue is procedural under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) and is governed by federal law, in particular Fed. R. Civ. P. 42(a), rather than Minn. Stat. § 549.20. Bifurcation consumes more scarce judicial resources and any prejudice concerns can be addressed through instructions.

3.  <u>Wells Fargo's Motion in Limine to Exclude Evidence Relating to Wells Fargo's Net Worth or Resources (ECF No. 386)</u>

Denied.  Net worth may be relevant to the reliance issue.  Appropriate instructions should avoid prejudice.

4.  <u>Wells Fargo's Motion in Limine to Preclude COPIC from Using All Exhibits Attributing Statements to, and Deposition Testimony of, Messrs. Stumpf and Kovacevich (ECF No. 382)</u>

Neither man is a party in the litigation.  The motion is granted as to the plaintiff's case in chief on the grounds that these individuals do not have personal knowledge of the matters in dispute.  This ruling is without prejudice to use of the evidence for rebuttal or impeachment, if appropriate.

5.  <u>COPIC's Motion in Limine to Preclude Evidence Relating to Hypothetical Losses in a Different Securities Lending Program (ECF No. 402)</u>

Granted.  COPIC's claim is that Wells Fargo represented that collateral would be invested in conservative money market-type investments; accordingly, these types of accounts, not the performance of other securities lending programs, would provide the appropriate benchmark for determining COPIC's alleged losses.

6.  <u>Wells Fargo's Motion in Limine to Exclude Evidence Relating to the Wells Fargo Advantage Funds Money Market Funds (ECF No. 418)</u>

Denied for the same reason.  This ruling is without prejudice to other trial objections.

7.  <u>COPIC's Motion in Limine to Preclude All Evidence of Post-Breach Market Developments (ECF No. 410)</u>

Denied without prejudice to other trial objections.  Although the proper measure of

damages has not yet been determined as a legal issue, COPIC had a duty to mitigate and the improved performance of the relevant securities could be a factor.

    8.    <u>Wells Fargo's Motion in Limine to Exclude Improper Damage Theories of Expert Mitchell Hoffman (ECF No. 399/434 [public entry])</u>

I will reserve ruling on this motion pending further argument from the parties and determination of the legal issues regarding the proper measure of damages in these circumstances. Both parties are invited to submit statements of position, not to exceed 10 pages, by 9:00 a.m. on Monday, May 2, 2011 regarding the proper measure of damages should plaintiff succeed in establishing liability. Argument shall be heard on these issues at 3:00 p.m. on the same day.

    9.    <u>COPIC's Motion in Limine to Preclude Evidence of Wells Fargo Participants in the Securities Lending Program</u> (ECF No. 423)

Denied without prejudice to other trial objections. In deciding whether to preclude evidence under Fed. R. Civ. P. 37(c)(1), I apply the principles of *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). I conclude the prejudice or surprise is not great. COPIC was aware of this material before the close of discovery and had the opportunity to cure either the non-disclosure or the late disclosure before discovery closed. It does not appear that introducing the evidence will significantly disrupt the trial as it goes to an issue that is somewhat collateral to the primary liability questions. I see no evidence of bad faith or willfulness, particularly in the absence of a motion to compel.

    10.    <u>Wells Fargo's Motion in Limine to Exclude Evidence Relating to WCRA</u>

Lawsuit[1] (ECF No. 387)

Granted with respect to the introduction of any evidence regarding the outcome of the WCRA litigation. Otherwise, I deny the motion without prejudice to other trial objections. If such evidence is relevant and appropriate, it may be admitted. Bates numbers from the previous litigation do not need to be redacted. The parties may offer appropriate instructions for the jury regarding how to consider evidence from another proceeding.

11. COPIC's Motion in Limine to Preclude All Evidence of Investments Outside of the Securities Lending Program (ECF No. 416)

Evidence that COPIC was a "sophisticated" investor may be relevant and so I deny the motion without prejudice to other trial objections.

12. Wells Fargo' Motion in Limine to Preclude COPIC from Introducing News Articles During Trial (ECF No. 390)

The motion is granted with respect to the plaintiff's case in chief. I am concerned that some of this evidence is cumulative and collateral to the primary issues in the litigation. This ruling is without prejudice to the possible use, if appropriate, of such evidence for rebuttal or impeachment.

13. COPIC's Motion in Limine to Preclude Evidence Regarding Other (Non-Wells Fargo) Securities Lending Programs (ECF No. 411)

The motion is denied without prejudice to other trial objections. Because COPIC has asserted a negligence claim, such evidence may be relevant to the standard of care.

---

[1] *Workers' Compensation Reinsurance Assoc. v. Wells Fargo Bank, N.A.*, No. 62-cv-08-10825 (2d Jud. Dist., Minn.)

14. <u>Wells Fargo's Motion in Limine to Exclude Opinion Testimony of Laurence Freed (ECF No. 394/432 [public entry])</u>

The motion is granted to the extent Mr. Freed opines on the applicable legal standard or on Wells Fargo's state of mind.

15. <u>COPIC's Motion in Limine to Preclude Evidence or Argument that Wells Fargo did not owe Fiduciary Duty</u> (ECF No. 409)

Wells Fargo owed a fiduciary duty in its role as COPIC's agent. The scope of the agency and of those duties, however, have yet to be determined either as issues of law or fact. Therefore, I grant the motion in part and deny without prejudice in part.

16. <u>Wells Fargo's Motion in Limine Regarding Public Safety of Arizona (ECF No. 413/437 [public entry])</u>

The motion is denied without prejudice to other trial objections. This evidence could be relevant to several issues including COPIC's contentions that it was injured by Wells Fargo's failure to disclose the shortfall and by the alleged different treatment of participants.

DATED at Denver, Colorado, on May 2, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge